UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                                :
SHMUEL JURAVEL,                 :
                                :
        Petitioner,             :    Civ. No. 20-16207 (NLH)
                                :
    v.                          :    OPINION
                                :
DAVID W. ORTIZ,                 :
                                :
        Respondent.             :
_____:
```

APPEARANCES:

Shmuel Juravel
25723-001
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640[1]

    *Petitioner Pro se*


Philip R. Sellinger, United States Attorney
Kristin Lynn Vassallo, Assistant United States Attorney
Office Of the U.S. Attorney
District Of New Jersey
970 Broad Street
Newark, NJ 07102

    *Attorneys for Respondent*

---

[1] Petitioner left FCI Fort Dix in March 2023 and has not provided the Court with his new address. ECF No. 20. The United States indicated that it mailed its response to the residential reentry center address it had on file, ECF No. 21 at 3 n.3, and the Court has not received any reply from Petitioner. The Court will direct the United States to send a copy of this Opinion and Order to Petitioner. Although Petitioner had an obligation to update his address with the Court, his current address should be readily available from the United States Probation Office in the sentencing district as Petitioner's sentence included a lifetime term of supervised release.

HILLMAN, District Judge

Petitioner Shmuel Juravel pled guilty in the United States District Court for the Northern District of Alabama to attempting to persuade, induce, and entice a minor to engage in prostitution and any sexual activity, 18 U.S.C. § 2422(b), and traveling in interstate commerce for the purpose of attempting to engage in illicit sexual conduct with another person, 18 U.S.C. §§ 2423(b) and (e).  United States v. Juravel, No. 2:06-cr-126 (N.D. Ala.) (ECF No. 45).  The trial court sentenced Petitioner to 262 months incarceration followed by a lifetime term of supervised release.  Id.

On November 16, 2020, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") refusal to apply earned time credits to his sentence under the First Step Act of 2018 ("FSA").  ECF No. 1. The United States opposed the petition.  ECF No. 7.  At the time, the BOP calculated Petitioner's projected release date to be November 1, 2024.  ECF No. 7-3 at 2.

On January 13, 2022, the BOP finalized a new rule codifying the BOP's procedures regarding the earning and application of time credits under the FSA.  FSA Time Credits, 87 FR 2705-01, codified at 28 C.F.R. § 523.40 et. seq.  On February 25, 2022, the Court ordered Respondent to supplement its answer on the effect, if any, the BOP's final rule interpreting how and when

2

federal prisoners earn Time Credits under the First Step Act had on Petitioner's claim or whether the petition was moot.  ECF No. 11.  Respondent answered on March 23, 2022 that "Petitioner's claim is not moot, but rather not yet ripe for consideration." ECF No. 12 at 3.  "The calculation of FSA Time Credits is not yet available for inmates whose current Projected Release Dates are more than 24 months in the future. . . . In this case, Petitioner's current Projected Release Date is November 1, 2024."  Id.  Petitioner submitted a response on August 26, 2022 objecting to the delay in calculating his FSA credits.  ECF No. 18.

The Court requested a second update on March 29, 2023 as "it is now less than 24 months before Petitioner's Projected Release Date of November 1, 2024.  Respondent shall update the Court as to the status of the calculation of Petitioner's FSA credits and the effect, if any, of said calculation on the § 2241 petition."  ECF No. 19.  The United States responded that "As of March 25, 2023, the BOP has calculated Juravel as having accrued 1,550 program days and applied the maximum number of days permitted under the FSA (365) toward early transfer to supervised release."  ECF No. 21 at 2.  "As a result, Juravel's projected release date has changed from November 1, 2024 (via good conduct time) to November 2, 2023 (via FSA credits)."  Id. The BOP's public website confirms this date.  See BOP Inmate

Locator, <u>available at</u> https://www.bop.gov/inmateloc/ (last visited July 17, 2023).  The United States argues the petition is now moot.

Petitioner has received the relief he requested from the Court: the application of FSA credits and recalculation of his sentence.  <u>See</u> <u>Savage v. Knight</u>, No. 22-6754, 2023 WL 2816055, at *1 (D.N.J. Mar. 28, 2023) (dismissing petition as moot where BOP awarded the maximum number of time credits available under the FSA).  The Court cannot grant him further relief under § 2241 because the supervised release statute, 18 U.S.C. § 3624, does not permit a court to credit a supervised release term with a period of excess prison time.[2]  <u>United States v. Johnson</u>, 529 U.S. 53 (2000).  <u>Accord</u> <u>DeFoy v. McCullough</u>, 393 F.3d 439, 442 n.3 (3d Cir. 2005) ("[T]he length of a term of supervised release cannot be reduced 'by reason of excess time served in prison.'" (quoting <u>Johnson</u>)).  Accordingly, the § 2241 petition is moot and will be dismissed.

An appropriate order will be entered.


Dated: __July 25, 2023__            __s/ Noel L. Hillman__
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

_____
[2] Such relief would also be pointless because Petitioner is subject to a lifetime term of supervised release.

4